United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 22-20184

v.

Hon. Laurie Michelson

D-2 John David,

Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, John David,

have reached a plea agreement under Federal Rule of Criminal

Procedure 11. The plea agreement's terms are:

### 1.    Counts of Conviction

The defendant will plead guilty to Counts 1 and 7 of the

Superseding Indictment. Count 1 charges the defendant with

Conspiracy to Commit Federal Program Bribery under 18 U.S.C. § 371.

Count 7 charges the defendant with Bribery Concerning Programs

Receiving Federal Funds under 18 U.S.C. § 666(a)(2).

Page **1** of **24**                                        Defendant's Initials: _____

**2.    Statutory Maximum Penalties**

The defendant understands that the counts to which he is

pleading guilty carry the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 Years |
|---------|-----------------------|---------|
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |
| Count 7 | Term of imprisonment: | 10 Years |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |

**3.    Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence

consistent with its terms, the United States Attorney's Office for the

Eastern District of Michigan will move to dismiss any remaining

charges in the Superseding Indictment against the defendant in this

case.  Specifically, the United States Attorney's Office will move to

Defendant's Initials: _____

dismiss Counts 5 and 6 of the pending Superseding Indictment in this case.

### 4.    Elements of Counts of Conviction

The elements of Count 1, charging a violation of Title 18, United States Code, Section 371, that the government would need to prove at trial are:

(1) Two or more persons conspired, or agreed, to commit the crime alleged: Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(1)(B);

(2) The defendant knowingly and voluntarily joined the conspiracy;

(3) One or more overt acts were committed by a conspirator in furtherance of the illegal purpose.

The elements of § 666 are:

(1)   At the time alleged in the indictment, Albert Morrison was an agent of a local government entity;

Defendant's Initials: _____

(2)  The local government entity was a local government that received, in any one-year period before or after the commission of the offense, federal benefits in excess of $10,000;

(3)  The defendant corruptly gave, offered, and agreed to give cash and other things of value to Albert Morrison, with the intent to influence and reward him in connection with any business transaction and/or series of transactions of the local government entity; and

(4)  The business transaction and/or series of transactions involved anything of value of $5,000 or more.

The elements of Count 7, charging a violation of Title 18, United States Code, Section 666(a)(2), that the government would need to prove at trial are:

(1)   At the time alleged in the indictment, Albert Morrison was an agent of a local government entity;

(2)  The local government entity was a local government that received, in any one-year period before or after the commission of the offense, federal benefits in excess of $10,000;

Defendant's Initials: _____

(3)  The defendant corruptly gave, offered, and agreed to give cash and other things of value to Albert Morrison, with the intent to influence and reward him in connection with any business transaction and/or series of transactions of the local government entity; and

(4)  The business transaction and/or series of transactions involved anything of value of $5,000 or more.

5.    **Factual Basis**

From January 2014 through December 2018, Albert Morrison, D-1, was the elected Madison Schools Board of Education President ("Madison Schools") located in Madison Heights, Michigan. Madison Schools are within the Eastern District of Michigan and is a government agency which received more than $10,000 under one or more federal programs in each one-year period for calendar years 2014 through 2018.

John David was one of the owners of Emergency Reconstruction and Emergency Restoration located in Troy, Michigan. Both companies

Defendant's Initials:

provided reconstruction and maintenance services in the private and public sectors as well as mitigation work for water damage.

John David met Albert Morrison in the mid-1980s, and they became friends. They frequently socialized including time in a bar run by Morrison. This continued until the mid-1990s when John David met the woman who he later married. That socializing stopped, and David and Morrison fell out of touch. In early 2014, John David was working with excavators to repair a frozen underground pipe at a Madison Heights school when Albert Morrison showed up and they reestablished contact.

Morrison had the ability to assist Emergency Reconstruction and Emergency Restoration obtain additional work in Madison Schools as well as make referrals apart from the school district and also help procure various tradesmen to act as subcontractors.

Albert Morrison prepared paperwork for Comfort Consulting, LLC and, on May 12, 2014, filed the paperwork in the Michigan Department of Licensing and Regulatory Affairs, Corporate Division.

Defendant's Initials:

Beginning in approximately May 2014, John David made regular payments to Comfort Consulting which continued into the fall of 2018. When doing so, John David had every reason to believe Morrison had the ability through his position to assist procuring more work within the school district, and reasonably would be corruptly influenced to do so.

During the relevant time period John David, Emergency Reconstruction and Emergency Restoration received substantial income for construction and maintenance services from Madison Schools. The company performed all jobs given to industry standards and all work by insurance was approved by insurance company adjusters.

6.   **Advice of Rights**

The defendant has read the Superseding Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

Page **7** of **24**                              Defendant's Initials:

A.     The right to plead not guilty and to persist in that plea;

B.     The right to a speedy and public trial by jury;

C.     The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

Page 8 of 24                                   Defendant's Initials: _____

7.    **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

Defendant's Initials: _____

8. **Defendant's Guideline Range**

   A. **Court's Determination**

   The Court will determine the defendant's guideline range at
sentencing.

   B. **Acceptance of Responsibility**

   The government recommends under Federal Rule of Criminal
Procedure 11(c)(1)(B) that the defendant receive a two-level reduction
for acceptance of responsibility under USSG § 3E1.1(a). Further, if the
defendant's offense level is 16 or greater and the defendant is awarded
the two-level reduction under USSG § 3E1.1(a), the government
recommends that the defendant receive an additional one-level
reduction for acceptance of responsibility under USSG § 3E1.1(b). If,
however, the government learns that the defendant has engaged in any
conduct inconsistent with acceptance of responsibility—including, but
not limited to, making any false statement to, or withholding
information from, his probation officer; obstructing justice in any way;
denying his guilt on the offense to which he is pleading guilty;
committing additional crimes after pleading guilty; or otherwise

Page **10** of **24**                          Defendant's Initials: _____

demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under

this paragraph, will be free to argue that the defendant not receive *any*

reduction for acceptance of responsibility under USSG § 3E1.1, and will

be free to argue that the defendant receive an enhancement for

obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties have no recommended guideline provisions under

Federal Rule of Criminal Procedure 11(c)(1)(B). The parties reserve the

right to argue the guideline range which will be predicated upon the

amount of bribery to be determined by the Court.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing

purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 8.B,

Page **11** of **24**                              Defendant's Initials: _____

8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

Defendant's Initials: _____

## B.     Imprisonment

### 1.     Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the middle of the defendant's guideline range as determined by the Court.

### 2.     No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

Defendant's Initials:

## C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 2-year term of supervised release.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D.    Fines

There is no recommendation or agreement as to a fine.

## E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense.  There is no recommendation or agreement on

Page 14 of 24                                    Defendant's Initials:

restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

### F. Forfeiture

Pursuant to 18 U.S.C. § 98l(a)(l)(C) together with 28 U.S.C. § 2461(c), Defendant agrees to forfeit to the United States his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to Defendant's violation of Counts 1 and 7.

Defendant also agrees to the entry of a forfeiture money judgment against him in favor of the United States in an amount representing the proceeds obtained by the Defendant as a result of his violation of Counts 1 and 7 of the Superseding Indictment. Consistent with the requirements of Fed. R. Crim. P. 32.2(b)(1)(A)-(B), the forfeiture money judgment amount will be determined by agreement of the parties, or by the Court, in advance of sentencing.

Defendant agrees that the forfeiture money judgment will be satisfied, to whatever extent possible, from any property owned or

Page **15** of **24**                                    Defendant's Initials:

under the control of Defendant. To satisfy the money judgment,

Defendant explicitly agrees to the forfeiture of any assets he has now, or

may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and

waives and relinquishes his rights to oppose the forfeiture of substitute

assets under 21 U.S.C. § 853(p)(l) or otherwise. The amount that

Defendant owes on the forfeiture money judgment shall be reduced by

the net amount of property ultimately forfeited to the United States.

Defendant agrees to the entry of one or more orders of forfeiture

incorporating the forfeiture money judgment, including the Court's

prompt entry of a Preliminary Order of Forfeiture, upon application by

the United States at, or any time before, Defendant's sentencing in this

case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign

such an order, indicating he consents to its entry if requested to do so by

the Government. Defendant agrees that the forfeiture order will become

final as to him at the time entered by the Court.

Defendant agrees that he will cooperate with the United States by

taking whatever steps are necessary to deliver clear title to property

Page **16** of **24**                                   Defendant's Initials:

subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in any judicial forfeiture proceeding and that he will testify truthfully in any such proceeding.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant's Initials:

Defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted.

Non-Abatement of Criminal Forfeiture: Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs; successors, and assigns, until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

Page **18** of **24**                         Defendant's Initials: _____

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $200 immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to

Page **19** of **24**                              Defendant's Initials: _____

challenge his conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,

or Federal Rule of Civil Procedure 59 or 60.

### 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the government reinstates any charges or files any additional charges

as permitted by this paragraph, the defendant waives his right to

challenge those charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the

limitations period expired.

Page **20** of **24**                                    Defendant's Initials: _____

### 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 15.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the

Defendant's Initials:

extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 16.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on March 24, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Defendant's Initials:

Dawn N. Ison
United States Attorney


David A. Gardey
Chief, Public Corruption and
Civil Rights Unit
Assistant United States Attorney

Sarah Resnick Cohen
Assistant United States Attorney

Karen L. Reynolds
Assistant United States Attorney

Gjon Juncaj
Assistant United States Attorney
Money Laundering & Asset
Recovery Unit

Dated: March 23, 2023

Page **23** of **24**                          Defendant's Initials:

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Robert Morgan
Attorney for Defendant

Dated: March 24, 2023

_____
John David
Defendant

Page **24** of **24**                                   Defendant's Initials: